## IN THE UNITED STATES DISTRICT COURT
## FOR THE _EASTERN_ DISTRICT OF _CALIFORNIA_
### _FRESNO_ DIVISION

**FILED**

NOV 2 1 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

_KATHLEEN BURGHARDT-COBB_
(Print your full name)

        Plaintiff *pro se,*

v.

_MARK S. INCH, DIRECTOR, FEDERAL_
BUREAU OF PRISONS,

_____

(Print full name of each defendant; an
employer is usually the defendant)

        Defendant(s).

CIVIL ACTION FILE NO.

**1: 1 7 CV   0 1 5 6 3 DAD SKO**

(to be assigned by Clerk)

---

### _PRO SE_ EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1.   This employment discrimination lawsuit is brought under (check only those that apply):

        **X**        Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et seq.</u>, for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

                  **NOTE:** To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

_____ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

_____ Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

__X__ Other (describe) **Disability discrimination against a federal employee, in violation of the Rehabilitation Act, 29 U.S.C. 791, et seq.**

_____

_____

_____

_____

_____

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

Page 2 of 9

## **Parties**

3.   **Plaintiff.**   Print your full name and mailing address below:

    Name      Kathleen Burghardt-Cobb

    Address   Post Office Box 3737
                  Merced, CA 95344

4.   **Defendant(s).**   Print below the name and address of each defendant listed on page 1 of this form:

    Name      Mark S. Inch, Director, Federal Bureau of Prisons
    Address   Federal Bureau of Prisons
                  320 First St., NW
                  Washington, DC 20534

    Name

    Address

    Name

    Address

## **Location and Time**

5.   If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

    Federal Correctional Institution - Mendota, 33500 West California Avenue,
    Mendota, CA 93640

6.    When did the alleged discrimination occur?  (State date or time period)

_____ Begining in July 2014 and continuing through 2015 _____

_____

_____

_____

## Administrative Procedures

7.    Did you file a charge of discrimination against defendant(s) with the EEOC or
      any other federal agency?        __x__ Yes           _____ No

           If you checked "Yes," attach a copy of the charge to this complaint.


8.    Have you received a Notice of Right-to-Sue letter from the EEOC?

      __x__ Yes           _____ No

           If you checked "Yes," attach a copy of that letter to this complaint and
           state the date on which you received that letter:
           _____ On or about September 28, 2017 _____


9.    If you are suing for **age discrimination,** check one of the following:

           _____      60 days or more have elapsed since I filed my charge of age
                      discrimination with the EEOC

           _____      Less than 60 days have passed since I filed my charge of age
                      discrimination with the EEOC

10.    Did you file a complaint against the defendant(s) with a State agency?

_____ Yes          __x__ No

If you checked "Yes," attach a copy of the complaint to that agency, your right-to-sue letter and describe below what happened with it:

_____

_____

_____

_____

11.    If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

__x__ Yes          _____ No          _____ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

_A final agency decision was issued on September 26, 2017 denying my complaint and_
issuing me a right to sue in federal district court.  Copy attached.
_____

_____

_____

## Nature of the Case

12.  The conduct complained about in this lawsuit involves (check only those that apply):

| | |
|---|---|
| _____ | failure to hire me |
| __x__ | failure to promote me |
| _____ | demotion |
| _____ | reduction in my wages |
| __x__ | working under terms and conditions of employment that differed from similarly situated employees |
| __x__ | harassment |
| __x__ | retaliation |
| _____ | termination of my employment |
| __x__ | failure to accommodate my disability |
| _____ | other (please specify) _reprisal for prior EEO and EEOC activity_ |

13.  I believe that I was discriminated against because of (check only those that apply):

| | |
|---|---|
| _____ | my race or color, which is _____ |
| _____ | my religion, which is _____ |
| _____ | my sex (gender), which is _____ male _____ female |
| _____ | my national origin, which is _____ |
| _____ | my age (my date of birth is _____) |
| __x__ | my disability or perceived disability, which is: |
| | _degenerative spinal condition_ |
| __x__ | my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation |
| __x__ | other (please specify) _reprisal for prior successful EEO and EEOC activity_ |

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

In July 2014, I requested accommodation as a result of a degenerative spine condition that developed. Otherwise I was able to perform the essential functions of my position within the Bureau Prisons. The Bureau of Prisons consistently refused to address or take action regarding my myriad EEO complaints seeking accommodation and adaptive conditions.

I alleged and still remain convinced that my prior EEOC and EEO complaints were the basis for the reprisals I suffered.

A copy of my prior EEOC decision is attached.

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

Page 7 of 9

15.   Plaintiff   _____   still works for defendant(s)
                  __x__   no longer works for defendant(s) or was not hired

16.   If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?   __x__ Yes   _____ No

         If you checked "Yes," please explain: _____

         _____The defendant refused to consider accommodating my disability, in what I believe was retaliation for my prior successful EEO and EEOC complaints.
         _____

         _____

         _____

17.   If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial?   __x__ Yes   ____ No

### Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

__x__   Defendant(s) be directed to <u>end their widespread practice of reprisal against employees who file EEO and EEOC claims</u>

__x__   Money damages (list amounts) <u>to be determined according to proof</u>

__x__   Costs and fees involved in litigating this case

__x__   Such other relief as my be appropriate

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this __20th__ day of __November__ , 20_17_

_Kathleen Burghardt-Cobb_
(Signature of plaintiff *pro se*)

__Kathleen Burghardt-Cobb__
(Printed name of plaintiff *pro se*)

__Post Office Box 3737__
(street address)

__Merced, CA  95344__
(City, State, and zip code)

__scoobyfan64@att.net__
(email address)

__209-261-3083__
(telephone number)

Page 9 of 9

**U.S. Department of Justice**

Complaint Adjudication Office

Agency Complaint Number BOP-2015-01964
DJ Number 187-3-4184

# Exhibit A

*950 Pennsylvania Avenue, N.W.*
*Patrick Henry Building, Room A4810*
*Washington, DC   20530*

Ms. Kathleen Burghardt-Cobb
P.O. Box 3737
Merced, CA 95344

**SEP 2 6 2017**

Dear Ms. Burghardt-Cobb:

This is in reference to the discrimination complaint that you filed against the Federal Bureau of Prisons.  Under the Department of Justice's equal employment opportunity regulations, the Complaint Adjudication Officer renders the final Department of Justice decision on your complaint. Enclosed is the final Department of Justice decision.

## Rights of Appeal

First, you have the right to appeal any part of the decision to the Equal Employment Opportunity Commission (EEOC). You may do so by filing your appeal within 30 days of the date you receive this decision.  If you are represented by an attorney of record, the 30-day appeal period shall begin to run the day your attorney receives this decision.  The appeal must be in writing.  The Commission prefers that you use EEOC Form 573, Notice of Appeal/Petition, a copy of which is attached, to appeal this decision.  The notice of appeal should be sent to Carlton Haddon, Director, Office of Federal Operations, EEOC, Post Office Box 77960, Washington, D.C., 20013, by mail, personal delivery, or facsimile.  You must also send a copy of your notice of appeal to Mina Raskin, 320 First St. NW, Room 936, Washington, DC 20530.  You must state the date and method by which you sent the copy of your notice to Ms. Raskin either on, or attached to, the notice of appeal you mail to the EEOC.

Second, you have the right to file a civil action in the appropriate United States District Court within 90 days of the date you receive this decision.  In filing your federal complaint, you should name Attorney General Jefferson B. Sessions, III as the defendant.  Even if you appeal this decision to the EEOC, you still have the right to go to federal

court.  You may file a civil action in the United States
District Court within 90 days of the day you receive the
Commission's final decision on your appeal, or after 180 days
from the date you filed your appeal with the Commission, if the
Commission has not made a final decision by that time.

    If you cannot afford to file a civil action, you can ask
the court to allow you to file the action at no cost to you.
The court may also provide you with an attorney if you cannot
afford to hire one to represent you in your civil action.
Questions concerning when and how to file a waiver of costs
should be directed to your attorney or the District Court clerk.

                                   Sincerely,

                              Robert K. Abraham
                     Acting Complaint Adjudication Officer

cc:  Richard Toscano
     Mina Raskin

                                   2

## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

Complainant Information: (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

Attorney/Representative Information (if any):

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

General Information:

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | Yes;  Date Received _____ (Remember to attach a copy)<br>No<br>This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | No<br>Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | No<br>Yes (Attach a copy of the civil action filed) |

NOTICE: Please attach a copy of the final decision or order from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency within 30 days of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

**U.S. Department of Justice**

Complaint Adjudication Office

Agency Complaint No. BOP-2015-01964
DJ Number 187-3-4184

*950 Pennsylvania Avenue, NW*
*Patrick Henry Building, Room A4810*
*Washington, DC 20530*

**SEP 2 6 2017**

## DEPARTMENT OF JUSTICE FINAL AGENCY DECISION

### in the matter of

### Kathleen Burghardt-Cobb v. Federal Bureau of Prisons

On July 7, 2015, complainant Kathleen Burghardt-Cobb, a former GS-12 Trust Fund Supervisor for the Federal Bureau of Prisons (BOP) in Mendota, CA, filed an employment discrimination complaint against BOP pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 (Title VII), and 29 C.F.R. § 1614.101(a) & (b), and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791. The issue in this case is whether, on June 1, 2015, BOP subjected complainant to discrimination based on her disability (physical) and prior EEO activity when it ignored her requests for reasonable accommodation and failed to assist her in finding a new position within BOP or the Department of Justice (DOJ).

### Facts

### I.   Complainant's Allegations

Complainant Kathleen Burghardt-Cobb stated that she was a former GS-12 Trust Fund Supervisor for BOP at the Federal Correctional Institution, Mendota, CA (FCI), at the relevant times who retired on August 8, 2015. Record of Investigation ("R"), at 51. Complainant stated that she retired because BOP did not provide her with a reasonable accommodation for her disability.[1] R. at 52. Complainant stated that she filed EEO complaints in 2010 and 2013. Id.

---

[1] Complainant did not elaborate on this point and did not allege to BOP EEO that she had been constructively discharged. Nevertheless, in the interest of fairness and completeness, this decision will consider whether the actions of BOP management forced complainant to retire from BOP.

Complainant stated that in October 2012 she was diagnosed
with a degenerative disc disease. R. at 52-53. Complainant
stated that this condition affected her mobility, such that she
could not stand or walk for long times, and could not lift more
than ten pounds. R. at 53. Complainant stated that she
notified BOP of her condition in October 2012. Id. Complainant
stated that she could perform the essential functions of her job
with or without an accommodation. Id.

Complainant stated that on August 22, 2014, she formally
requested a reasonable accommodation from BOP. Id. Complainant
said that she asked for BOP to limit her physical requirements
in accordance with a March 17, 2014, doctor's note that she
provided to BOP on March 19, 2014. Id. Complainant asked BOP
to permit her to change her duties such that she would provide
relief to an employee posted to the front lobby or control
center in the event of an emergency. Id. Complainant also
asked for an ongoing waiver of BOP requirements concerning self-
defense and firearms qualifications until her doctor cleared her
for such activities. Id. Complainant stated that she re-
submitted the March 17, 2014, doctor's note in her August 22,
2014, application for a reasonable accommodation. R. at 54.
Complainant stated that she submitted her application to
Assistant Warden Scott Nicklin, but her request "was not
responded to within the required timeframe." Id.

Complainant stated that on November 17, 2014, Human
Resources Division (HR) Manager Patty Jones subsequently
informed complainant that her reasonable accommodation request
was "not a real request for reasonable accommodation." Id.
According to complainant, Jones informed her that she would need
to submit another request, even though BOP never responded to
her first request. Id.

Complainant stated that she submitted a second request for
reasonable accommodation on November 28, 2014. Id. Complainant
stated that she asked for the same accommodations she sought in
her previous application, but also indicated that she would
accept an administrative position in DOJ and/or its agencies
within a 65-mile radius of Merced, CA. Id. Complainant further
indicated that she would accept a position at FCI or a different
BOP facility in Atwater, CA, if that position was compatible
with her medical limitations. Id. Complainant stated that she
told BOP that she would accept a position at a lower GS grade,

2

if she could keep her GS-12 grade for the first two years.   Id.
Complainant stated that she gave this application to Jones but
received no response.   R. at 55-56.

Complainant stated that she applied to a Financial Program
Specialist position, and was selected for it on March 9, 2015.
R. at 55.   According to complainant, on May 7, 2015, she applied
for a reasonable accommodation for that position.   Id.   She
asked for the location of that position to be moved from
Washington, DC, to Stockton, CA.   Id.   Complainant stated that
on May 21, 2015, she received an e-mail from HR Manager Susan
Cimino that asked complainant for additional medical
documentation.   Id.   Complainant said that she sent a response
via e-mail on May 22, 2015, stating that Cimino's e-mail was
"unclear."   Complainant stated that on June 1, 2015, Cimino sent
her an e-mail stating that complainant's request was denied,
with no further explanation provided.

Complainant stated, "[t]hroughout the entirety of this
process, Complainant has been the target of hostility,
harassment, intimidation and threats regarding her physical
disability."   R. at 56.   Complainant stated that BOP management
ignored and/or denied her requests for reasonable accommodation.
Complainant said that she thought she would be fired if she did
not locate "a different position within the 30 day deadline
and/or comply with all of Management's demands."   Id.
Complainant's meaning in this regard was unclear.   Complainant
stated that several managers failed to inform her about BOP's
reasonable accommodation procedures, despite her inquiries.   Id.
Complainant stated that other BOP employees had received timely
reasonable accommodations.   Id.

## II.   Management's Response

Scott Nicklin stated that he was a GS-14 Associate Warden
for BOP at FCI at the relevant times.   R. at 64.   Nicklin stated
that he had known of complainant's prior EEO activity at the
relevant times, and had known that she had medical restrictions,
but had not known that she had a disability.   R. at 65.   Nicklin
said that on July 25, 2014, he sent complainant a letter
concerning her medical restrictions.   R. at 68.   Nicklin stated
that he understood complainant to be qualified for her position.
R. at 66.

Nicklin stated that he was unaware of any request for reasonable accommodation that complainant made in August 2014. R. at 66. Nicklin stated that complainant received documentation regarding how to apply for reasonable accommodation on November 17, 2014. R. at 67. Nicklin stated that complainant sent a completed request for reasonable accommodation to FCI's HR department on November 28, 2014. Id. Nicklin said that a Reasonable Accommodations Coordinator and an HR Manager forwarded complainant's resume to other government agencies within a 65-mile radius of Merced. R. at 67-68.

Susan Cimino stated that she was a GS-14 HR Manager for BOP at the Human Resource Office in Washington, DC, at the relevant times. R. at 83. Cimino stated that she had not known of complainant's disability or prior EEO activity at the relevant times. R. at 84. Cimino stated that complainant was selected for a position at BOP's Central Office. R. at 85. Cimino said that complainant submitted a request for reasonable accommodation for that position, but never supplied any documentation to support that request. Id. Cimino stated that she ultimately denied complainant's request for lack of medical documentation to support it. R. at 87.

Elizabeth Nagy stated that she was an attorney who served as the Special Assistant for the General Counsel/Assistant Director for BOP at the relevant times. R. at 92. Nagy did not identify herself as a Reasonable Accommodations Coordinator for BOP, but Nicklin identified her as such, and Nagy's answers were consistent with those duties. R. at 67. Nagy stated that she knew of complainant's disability at the relevant time, but first learned of her EEO activity on an unstated date in 2015. R. at 93-94. Nagy stated that complainant never provided her with information concerning her disability or need for reasonable accommodation. R. at 93-94. Nagy noted that BOP law enforcement officers must meet fourteen different physical standards, and must be able to respond effectively to emergencies. R. at 94. Nagy stated that complainant had informed BOP that she could not perform essential functions of her job at FCI, and asked to be excused from some of those functions. Id.

4

III. Relevant Documentary Evidence

    The file contained a copy of an "eight-point" letter that Nicklin sent to complainant on July 25, 2014. R. at 72-74. The letter indicated that on March 17, 2014, BOP received a letter from complainant's physician indicating that complainant had multiple medical restrictions concerning her ability to exert herself physically. R. at 72. The letter said that BOP needed more information to accommodate complainant's medical restrictions. Id. The letter sought medical information from complainant, to include her diagnosis, her expected recovery date (if any), the likelihood of further incapacitation, and the medical basis for the requested accommodations. R. at 72-73. The letter stated that BOP would give complainant alternate duties until August 22, 2014, at which time BOP management would re-assess her duty status. R. at 73. The letter reminded complainant that all positions in a correctional institution are potentially hazardous, and may require employees to engage in physical exertion, particularly in emergencies. Id. The letter stated that BOP would not grant the accommodation of eliminating the essential job function of responding to emergencies. Id. The letter stated that if complainant wanted to explore different BOP or DOJ positions, she should submit an enclosed form to BOP within twelve days of receipt of the letter. R. at 73-74. The letter suggested that complainant use on-line resources if she wished to examine available DOJ positions. R. at 74.

    The file contained the position description for a Trust Fund Supervisor at BOP. R. at 75-82. The description specified that, like all correctional institution employees, Trust Fund Supervisors were responsible for maintaining institution security, and had to be prepared to supervise inmates and apply physical control to inmates when necessary. R. at 77-78. The description indicated that Trust Fund Supervisors had to complete specialized training in firearms proficiency and self-defense, among other things. R. at 78.

    The file contained a copy of an August 8, 2014, letter from complainant's physician, confirming that complainant had "significant degenerative cervical and lumbar spine disease" that was "increasingly severe." R. at 61. According to the letter, complainant was on medical orders not to stand for more than ten minutes, not to lift more than ten pounds, not to bend,

5

not to run, and not to take a re-qualification test with firearms. Id. The letter indicated that complainant was seeking corrective surgery that would allow her to perform all of her job duties, but her medical restrictions would extend to December 31, 2014. Id. The letter referred to a previous letter that the physician had written on March 17, 2014. Id.

The file contained a copy of a "DOJ Form 100A Request for Reasonable Accommodation" that complainant completed and dated August 21, 2014. R. at 108. This document was consistent with complainant's description of it.

The file contained a copy of a November 17, 2014, letter from HR Manager Patty Jones to complainant concerning her August 21, 2014, request for reasonable accommodation. R. at 110-11. In the letter, Jones denied complainant's request to extend the waiver of her essential job functions to December 31, 2014, as complainant's inability to respond effectively to emergencies presented a safety hazard. Id. The letter indicated that BOP remained willing to engage with complainant in the interactive process. R. at 111. The letter indicated that if complainant wanted BOP to seek a new assignment for her as a reasonable accommodation, complainant should inform BOP of that fact by November 28, 2014. Id.

The file contained a copy of a November 25, 2014, e-mail from HR Manager Patty Jones to complainant, assuring complainant that BOP had not denied her request for reasonable accommodation, and that BOP intended to continue with the interactive process for finding and implementing such an accommodation. R. at 109. The e-mail advised complainant to complete and submit a DOJ Form 100A. Id.

The file contained a copy of a "DOJ Form 100A Request for Reasonable Accommodation" that complainant completed and dated November 28, 2014. R. at 112. This document, which sought a reassignment as a reasonable accommodation, was consistent with complainant's description of it. This document contained no indicia to clarify when or if complainant submitted it to BOP.

The file contained a copy of an e-mail exchange between complainant and an HR manager in early December 2014. R. at 113. In this exchange, the HR manager sought and received a

6

resume from complainant, and clarified that HR was seeking a position for complainant throughout all of DOJ.  Id.

The file contained a copy of a June 1, 2015, letter from Cimino to complainant.  R. at 122-23.  In the letter, Cimino reiterated her statement from a May 21, 2015, e-mail, in which she informed complainant that her existing medical documentation was insufficient to support her request for a reasonable accommodation.  R. at 122.  Cimino further noted that she requested additional medical information from complainant on May 7, 22, and 29, but complainant failed to provide the requested information.  R. at 123.  In the letter, Cimino also noted that complainant had known since February 27, 2015, that she had been selected for a position in Washington, DC, but she waited two months to ask BOP to work in California, not Washington.  Id. In the letter, Cimino noted that BOP engaged in the interactive process in good faith, but as complainant had repeatedly failed to submit the requested information, complainant's request for reasonable accommodation was denied.  Id.

The file contained a copy of DOJ's policy concerning reasonable accommodation.  R. at 125-34.  Significantly, the policy explained that when an employee seeks a reasonable accommodation, the employee and the relevant supervisors should engage in an interactive process to identify an effective accommodation.  R. at 127.  The policy specified that accommodations need not match the exact request of the employee, but they must be effective.  R. at 127-28.  The policy further specified that agencies have the right to request supplemental medical documentation from requesting employees, and the failure to provide such documentation may result in the denial of the reasonable accommodation request.  R. at 129.

Analysis

I.   Reprisal

The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16 (Title VII), prohibits employers from discriminating against employees because of reprisal.

To establish an inference of retaliation under Title VII, the record must show that: 1) complainant engaged in protected conduct; 2) the agency was aware of that protected conduct; 3)

7

complainant experienced an adverse employment action; and 4) there was a causal connection between the protected conduct and the adverse employment action.  Jackson v. United Postal Serv., 548 F.3d 1137, 1142 (8th Cir. 2008); Enica v. Principi, 544 F.3d 328, 343 (1st Cir. 2008).

## II.  Disability Discrimination; Reasonable Accommodation

The Rehabilitation Act of 1973 (Rehabilitation Act) makes it unlawful for a federal employer to discriminate against a person because of that person's disability.  29 U.S.C. § 791; 29 C.F.R. § 1614.203(b).[2]

To establish a case of disability discrimination, the record must demonstrate that: (1) complainant was an individual with a disability or perceived disability; (2) complainant was otherwise qualified for his position; and (3) complainant suffered an adverse employment action because of her disability.  See Sanders v. Arneson Prods., 91 F.3d 1351, 1353 (9th Cir. 1996); Chandler v. Dallas, 2 F.3d 1385, 1389-90 (5th Cir. 1993); Bonilla-Martinez v. United States Postal Serv., EEOC No. 0120070639. (Feb 29, 2008).  The focus of the inquiry in a claim of intentional disability discrimination is whether complainant was treated differently because of his disability.  See Sweeney v. West, 149 F.3d 550, 554 (7th Cir. 1998); Leffel v. Valley Fin. Serv., 113 F.3d 787, 794 (7th Cir. 1997).

The traditional "burden-shifting" structure of Title VII intentional discrimination claims applies to similar claims brought under the Rehabilitation Act.  E.g., Dukes v. Shinseki, 671 F. Supp. 2d 106 (D.C. Cir. 2009), Barth v. Gelb, 2 F.3d 1180, 1186 (D.C. Cir. 1993).

To establish that complainant was denied a reasonable accommodation, complainant must show that: (1) she is an individual with a disability; (2) she is a qualified individual with a disability; and (3) the agency failed to provide a reasonable accommodation.  See EEOC Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the Americans

---

[2] Some cited cases refer to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (ADA).  The language of the ADA is substantially similar to the language of the Rehabilitation Act, and the ADA makes clear that the same standards and analysis may be applied to both statutes.  29 U.S.C. § 794(d); Class v. Towson Univ., 806 F.3d 236, 244 n.2 (4th Cir. 2015).

8

with Disabilities Act, No. 915.002 (Oct. 17, 2002).  An agency
is required to make reasonable accommodation to the known
physical and mental limitations of a qualified individual with a
disability unless the agency can show that accommodation would
cause an undue hardship.  29 C.F.R. §§ 1630.2(c) and (p).

III.  Constructive Discharge

     A constructive discharge occurs when an employee makes the
reasonable decision to resign due to a hostile work environment
based on prohibited discrimination that leads to intolerable
working conditions.  Pa. State Police v. Suders, 542 U.S. 129,
141-42, 146-47 (2004).

IV.  Legal Analysis

     The evidence in this case failed to support complainant's
claim that BOP management ignored her requests for reasonable
accommodation, and failed to help her in finding a new position.
Contrary to complainant's assertion, the documentary evidence
indicated that BOP management did not ignore complainant's
August 2014 request for reasonable accommodation.  The November
17, 2014, letter from HR Manager Jones to complainant indicated
that BOP would not approve a reasonable accommodation for
complainant in the form of waived job requirements, but it would
help her to find a new position.  This response cannot be fairly
characterized as ignoring complainant's request.

     Further, BOP presented a legitimate, non-discriminatory
reason for declining to give complainant the accommodations she
sought.  As the November 17, 2014, letter indicated, and as Nagy
confirmed, employees in a correctional facility must be able to
engage in physical exertion during an emergency.  It was
reasonable for BOP to deny accommodations that would exempt an
employee from certain physical fitness requirements, where those
requirements ensured safety during foreseeable emergency
conditions such as an inmate disturbance.  No evidence indicated
that any similarly situated employee received better treatment
from BOP management than complainant did.  Nothing indicated
that prohibited discrimination played any role in the denial of
complainant's request, particularly as the letter expressed
BOP's willingness to continue in the interactive process.

     The evidence was somewhat less clear as to the specific
steps that BOP management took in December 2014 regarding

9

complainant's request for a new assignment.  But it was significant that AW Nicklin believed that HR was seeking a new position for complainant.  Further, documentary evidence confirmed that HR sought and received complainant's resume in December 2014.  It was also significant that complainant was selected for a new BOP position by February 27, 2015, which was slightly more than three months after complainant sought a new position as a reasonable accommodation.  That fact was consistent with Nicklin's claim that BOP managers were helping complainant find a new position.  Altogether, the weight of the evidence indicated that BOP engaged responsibly in an interactive process with complainant to find a new position for her to accommodate her disability.  As such, BOP fulfilled its obligations under the Rehabilitation Act, and thus did not violate complainant's rights.

With respect to the alleged lack of accommodation for the position in Washington, Cimino's letter and statement both indicated that complainant failed to submit sufficient medical evidence in support of her request.  Complainant did not dispute that she never provided Cimino with the requested documentation. It was reasonable for an employer to deny a reasonable accommodation request when the employee in question repeatedly declined to submit necessary medical documentation.  This denial was legitimate, non-discriminatory, and consistent with DOJ policy.  Contrary to complainant's statement, Cimino's letter of June 1, 2015, was detailed and thorough, and clearly indicated why Cimino had denied complainant's request.  No evidence indicated that Cimino's request was needless or unduly intrusive, and no evidence indicated that complainant was incapable of providing the requested documentation.  No evidence indicated that Cimino acted with prohibited discriminatory intent, particularly as Cimino did not know of complainant's prior EEO activity and had not confirmed that complainant had a disability.  No evidence indicated that any similarly situated employee received better treatment than complainant did. Accordingly, complainant's claim fails.

Complainant alleged that she received threats and hostile treatment throughout the reasonable accommodation process. Complainant provided no details in this regard, and no evidence supported her claim.  Similarly, no evidence supported her claim that BOP managers withheld from her information about the reasonable accommodation process.  The documentary evidence indicated that at every step, managers gave complainant the

10

needed forms and appropriate guidance.  No evidence indicated
that any BOP manager acted with prohibited discriminatory intent
toward complainant.  The only cited manager who knew about
complainant's prior EEO activity was Nicklin, and he played
little to no role in complainant's request for reasonable
accommodation.  The lack of evidence of discriminatory intent on
the part of any manager further undermined complainant's claim.

Finally, the evidence did not support any claim that BOP
managers constructively discharged complainant.  Nothing
indicated that any BOP manager exposed complainant to working
conditions so severe or pervasive that a reasonable employee
would find them to be intolerable.  Harris v. Forklift Sys., 510
U.S. 17, 21-23 (1993) (defining a hostile work environment for
purposes of Title VII claims); Meritor Sav. Bank, FSB v. Vinson,
477 U.S. 57, 67 (1986) (same).  As noted above, no evidence
supported complainant's claim that anyone subjected her to
threats and intimidation, or that any BOP manager withheld
information from her.  In general, complainant's claims
reflected ordinary disagreements and frustrations in the
contemporary workplace that did not rise to the level of
harassment.  In the absence of evidence to prove that any BOP
manager subjected complainant to conduct that would drive a
reasonable employee to resignation, a claim of constructive
discharge cannot succeed in this case.

For all these reasons, there is no basis for finding that
BOP management discriminated against complainant because of
disability or prior EEO activity.

11

## Decision

For the foregoing reasons, the record did not support complainant's allegation that BOP subjected her to discrimination because of reprisal and/or disability when it allegedly ignored her requests for reasonable accommodation and failed to help her find a new position in BOP or DOJ. Accordingly, complainant's claim is denied.

_____
Robert K. Abraham
Acting Complaint Adjudication Officer


_____
Douglas Kern
Attorney
Complaint Adjudication Office

12